UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES E. MANLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:16-cv-983-JMS-DML |
| | ) | |
| KEITH BUTTS, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

The petitioner claims in this action for habeas corpus relief that his confinement at the New Castle Correctional Facility is unauthorized and that he is entitled to be released, despite his conviction in an Indiana state court of two counts of A-felony child molesting and two counts of B-felony child molesting in No. 53C02-9702-CF-00074, *see Manley v. State,* 708 N.E.2d 928 (Ind.Ct.App. Feb 18, 1999), and despite the fact that two concurrent 40-year sentences imposed for the A-felony convictions give him a projected release of March 2023.

The Court is entitled to take judicial notice of factual information located in postings on government websites. *See, e.g., Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.,* 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information on FDIC website). In this action, the Court takes judicial notice of the website of the Indiana Department of Correction showing that the State of Indiana and the GEO Group entered into a 10-year contract whereby the GEO Group would operate the New Castle Correctional Facility. *See*

http://www.in.gov/idoc/news/092905newcastlegeo.pdf (last visited June 13, 2016). A pertinent portion of the page seen at this website states the following:

> Indianapolis - (September 29, 2005) - The Indiana Department of Correction announced today that it has finalized contract negotiations with the GEO Group, Inc. (NYSE: GGI) and executed a contract with an initial term of four years and three two-year extensions, totaling a contract term of 10 years, to provide operation and management services at the 2,416-bed New Castle Correctional Facility located in New Castle, Indiana.
> . . . .
>
> The prison is currently operated by the Indiana Department of Correction and houses approximately 500 inmates. It is expected that GEO will assume full management and operational responsibility on or before January 2, 2006.

In light of the foregoing, it appears to a certainty that Manley's confinement at the New Castle Correctional Facility is lawful because a state's custody of a sentenced offender can be contracted to a private entity. *See Holly v. Scott,* 434 F.3d 287, 290 (4th Cir. 2006) (noting that "there are a variety of statutes authorizing the housing of federal inmates in privately operated facilities"). "[T]he fact that an inmate is transferred to, or must reside in, a private prison, simply does not raise a federal constitutional claim . . . ." *Rael v. Williams,* 223 F.3d 1153, 1154 (10th Cir. 2000).

Manley has every reason to know of the foregoing. He recently concluded habeas litigation in the Indiana state courts in which he made the same challenge presented here. The challenge was rejected:

> Indiana Code section 11–8–3–1 provides in relevant part:
>
> (a) The department [of correction] may contract with any city, county, state, or federal authority, *or with other public or private organizations,* for:
> (1) the *custody,* care, *confinement,* or treatment of committed persons; or
> (2) the provision of other correctional or related services to committed persons.
> (b) Before transferring a committed person to the custody, care, or control of an agency or organization under such a contract, the department must approve the receiving facility or program as suitable for the supervision and care of the person . . . . (emphases added).
> The plain language of this statute clearly provides that the DOC may contract with a private organization for the custody and confinement of inmates committed to the DOC.

*Manley v. Keith Butts & Geo Grp., Inc.*, 47 N.E.3d 664 (Ind.Ct.App.), *transfer denied sub nom. Manley v. Butts*, 48 N.E.3d 317 (Ind. 2016).

The petitioner seeks relief pursuant to 28 U.S.C. § 2254(a). "[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). For the reasons explained above, Manley has failed in that effort here and this is apparent from the face of his habeas petition. The action must therefore be summarily dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts*.

## II.

Manley's petition for writ of habeas corpus is **denied.** Judgment consistent with this Entry shall now issue.

## III.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Manley has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: June 13, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES E. MANLEY
900778
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362